```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**ANNETTE T. BOURGEOIS**                                **CIVIL ACTION**

**VERSUS**                                              **NO. 08-759**

**AIG INSURANCE COMPANY, ET AL**                        **SECTION B(2)**


## ORDER AND REASONS

Before the Court is Defendant J.C. Penney Corp., Inc.'s Motion for Summary Judgment. (Rec. Doc. 25). The motion is opposed. (Rec. Doc. 34). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED that** Defendant's Motion for Summary Judgment is **DENIED**.

### BACKGROUND

The present case is a rainy day slip and fall case. Around 10:00 a.m. on December 21, 2006, Plaintiff went to the J.C. Penney store in Houma, Louisiana to get an item of jewelry cleaned. It was raining when Plaintiff arrived. Plaintiff was likely wearing black rubber soled shoes and used an umbrella as she walked from her car to the store. After entering the store, Plaintiff stood on a large mat, shook off her umbrella, and closed it with the Velcro strap. Upon walking off the mat onto the floor, Plaintiff slipped and fell, hitting her left knee. Plaintiff alleges that at that point she felt water on the floor beneath her. Plaintiff asserts that a woman, presumably the J.C. Penney manager on duty, Nicole

Lacroix,[1] arrived to help Plaintiff up and sat her on a nearby cube. Plaintiff asserts that she told the woman that her knee was hurt and that her ankle was twisted and alleges that at that point she believes the woman called for someone to come with a mop and cone. Plaintiff further alleges that the woman filled out an accident report, but Plaintiff did not write anything herself. Plaintiff does not recall seeing a cone prior to her fall.

Deana Folse, a J.C. Penney employee, is the supervisor of the children's department of the store, which includes the entrance area where the Plaintiff fell. Ms. Folse was responsible for monitoring the area on the day of the incident and testifies that sometime that morning, prior to the incident, she passed the entrance area and neither felt nor saw any water. (Rec. Doc. 27, Ex. E at 6). Ms. Folse also states that she saw warning cones in place at the entrance at the time she arrived at the store before 7:00 a.m. *Id*. Ms. Folse further testifies that she had been working at a nearby register for 20-30 minutes prior to and at the time of Plaintiff's fall. Ms. Folse heard but did not see Plaintiff fall. After observing Plaintiff on the floor, Ms. Folse telephoned the manager on duty, Nicole Lacroix, who wrote the accident report. *Id*. at 7.

Defendant argues that Plaintiff can establish neither Defendant's actual nor constructive notice of an unsafe condition

---

[1] (See Deposition of Deana Folse, Rec. Doc. 27, Ex. E at 7).

in the store. Citing *White v. Wal-Mart*, 97-0393 (La. 9/9/97); 699 So.2d 1081, and *Alexander v. Wal-Mart Stores, Inc.*, 1996-1598 (La. App.3 Cir. 2/4/98); 707 So.2d 1292, Defendant argues that constructive notice requires that Plaintiff prove, with "specific evidence," that the allegedly dangerous condition existed prior to the fall. (Rec. Doc. 25-2 at 9). Defendant argues that Plaintiff, who testified in her deposition to noticing water on the floor only after her fall, has presented no evidence that Defendant had actual notice of the water and no "positive evidence" about how long water had been on the floor. *Id*. at 10. Defendant asserts that the only evidence is the "scant indirect evidence" that it had been raining prior to the fall and argues that under *White* such evidence is insufficient. Defendant also points to the deposition testimony of J.C. Penney employee Deana Folse, who states that prior to the incident she did not see any water on the floor but did see a caution sign or cone in place. (Rec. Doc. 27, Ex. E at 6).

Also citing *White v. Wal-Mart Stores, Inc.*, Plaintiff first argues that issues of actual or constructive notice and reasonable care are factual determinations to be made by the trier of fact. Next Plaintiff argues that she can prove not only that J.C. Penney had either actual or constructive notice of the allegedly dangerous condition but also every other element required for negligence. With respect to notice, Plaintiff argues first that Defendant had actual notice of a hazardous rainwater condition at its Houma store

3

and cites J.C. Penney's employee Ms. Folse's testimony that a J.C. Penney employee puts up caution cones "the minute it starts raining." (Rec. Doc. 34 at 4). Plaintiff argues that this testimony and practice "constitute a formal recognition that rainwater at the Houma store creates an obvious hazard to J.C. Penney's customers." *Id*.

Next Plaintiff argues that Defendant at least had constructive notice of a hazardous condition. Citing *Kennedy v. Wal-Mart*, 98-1939 (La. 4/13/99), 733 So. 2d 1188, and *Crawford v. Ryan's Family Steak Houses, Inc.*, 31-911 (La. App. 2d 5/5/99), 741 So.2d 96, Plaintiff argues that "any direct or circumstantial evidence" may be used to make a positive showing of the existence of the condition prior to the fall. (Rec. Doc. 34 at 5). Plaintiff argues that Defendant should have had notice of the dangerous condition and further alleges that the condition could have been discovered through the reasonable efforts of Defendant. In support, Plaintiff references Ms. Folse's testimony that prior accidents have occurred in the area as a result of rainwater on the floor and Ms. Folse's testimony regarding her observations on the day of Plaintiff's fall. (Rec. Doc. 27, Ex. E at 9). Ms. Folse testified that it had been raining since she entered the building at 6:00 a.m. the morning of the fall and that she was the only person in charge of monitoring the area for water at the time of the fall. *Id*. at 6, 10. Ms. Folse's testimony also establishes

4

that for approximately thirty minutes prior to the fall no one, aside from Ms. Folse, was assigned to pay attention to the area of the fall and that Ms. Folse was occupied at the cash register. *Id*. at 10. Hence, argues Plaintiff, a reasonable fact finder could find that thirty minutes was enough time for water to accumulate on the floor and for an employee to discover the water and wipe it up.

Next Plaintiff argues that Defendant did not use reasonable care and asserts that presentation of normal precautionary measures alone is insufficient evidence to overcome liability. *Barton v. Wal-Mart Stores, Inc.*, 97-801 (La. App. 3 Cir. 12/10/97), 704 So.2d 361, 367. Plaintiff also highlights contradictory deposition testimony regarding the placement of warning cones/signs: Plaintiff testified that no caution cones were placed in the area until after she fell while Ms. Folse testified that she saw a cone in place when she arrived at work earlier that morning.

**DISCUSSION**

**A.     Summary judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the

nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

**B. Negligence under La. Rev. Stat. § 9:2800.6**

La. Rev. Stat. § 9:2800.6 governs negligence claims against merchants resulting from accidents caused by a condition existing on or in the merchant's premises. The statute provides in pertinent part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of

6

action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

As evidenced by the statutory definition of constructive notice, the plaintiff must establish that the condition existed for such a period that it would have been discovered had the merchant exercised reasonable care. The plaintiff "must make a positive showing of the existence of the condition prior to the fall." *White*, 699 So.2d at 1084; *Kennedy*, 733 So.2d at 1190. This positive showing may be established by both direct and circumstantial evidence such that the fact finder could infer from circumstantial evidence "that it [was] more probable than not that the condition existed for such time prior to the accident that it

7

should have been discovered and corrected." *Crawford*, 741 So. 2d at 101-02; *Bassett v. Toys "R" Us Delaware, Inc.*, 36-434 (La. App. 2 Cir. 5/14/03); 836 So.2d 465, 469; *Beard v. Dollar General Stores, Inc.*, 2005 WL 399514 at *4 (E.D.La. 2005); *see also Courville v. Target Corp. of America*, 232 Fed. Appx. 389, 391 (5th Cir. 2007)(overturning district court's grant of summary judgment in favor of defendant and referencing circumstantial evidence that a spill existed prior to incident and that merchant should have been aware of the hazard). Knowledge that it had been raining for an extensive period is, by itself, insufficient to prove constructive knowledge. *See Alexander*. However, the existence of routine preventative or precautionary measures alone will not eliminate liability. *Barton v. Wal-Mart Stores, Inc.*, 97-801 (La. App. 3 Cir. 12/10/97), 704 So.2d 361, 367. Constructive knowledge can be found in cases in which the store manager knew it was raining, knew it was a particularly busy shopping day, and knew that rain water would thus be tracked into the store to create a hazardous condition. *See Bassett v. Toys "R" Us Delaware, Inc.*, 836 So.2d at 470 (rainwater slip and fall case in which accident occurred on "one of the busiest shopping days of the year," the day after Thanksgiving).

The question of whether the condition existed for a sufficiently lengthy period of time that the merchant should have discovered it is a fact issue. *White,* 699 So.2d at 1084.

Moreover, almost all cases relied upon by the parties, including the two Louisiana Supreme Court cases emphasized by Defendant, *Kennedy* and *White*, involve appeals after trial on the merits rather than summary judgment determinations. *See Broussard v. Eckerd Corp.*, 2006 WL 3544882, at *1 (W.D.La. Dec. 8, 2006)(denying the defendant's motion for summary judgment which argued that the plaintiff could not prove actual or constructive knowledge and discussing the difference between the burden of proof associated with summary judgment motions and the burden of proof at trial).

Although Plaintiff has testified that she was unaware of the presence of water on the floor prior to her fall, she has presented evidence that a trier of fact could use to infer that more likely than not water was on the floor prior to the fall and that Plaintiff and Defendant could have discovered the water through the exercise of reasonable care. Furthermore, the deposition testimony presented is contradictory. For example, Plaintiff asserts that a caution cone was only placed in the area after her fall while J.C. Penney employee Ms. Folse asserts that she saw a cone in the area when she arrived at work prior to Plaintiff's fall. Additionally, Plaintiff testified that someone came to wipe up the water after she fell, and Ms. Folse testified that she walked in the area prior to the incident and did not see or feel any water on the floor. The trier of fact is responsible for determining credibility, resolving any contradictory presentations of fact, and evaluating

9

the strength of the evidence.  While evidence of Plaintiff's comparative fault here seems compelling, summary disposition at this stage would be inappropriate.  Accordingly,

**IT IS ORDERED that** Defendant's Motion for Summary Judgment is **DENIED**.

New Orleans, Louisiana, this 15th day of April, 2009.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE